IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| Mark A. Barnes <br><br> Plaintiff, <br><br> v. <br><br> Nationwide Retirement Solutions, Inc. <br><br> Defendants. | ) <br> ) <br> ) <br> ) Civil Action No.  5:21-cv-102 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT AND REQUEST FOR INJUNCTION**

COMES NOW Mark A. Barnes as Plaintiff in the above-styled action, filing *in propria persona*, and for his Complaint against Nationwide Retirement Solutions, Inc. allege and state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Mark A. Barnes (hereafter Barnes) is a resident of Bibb County, Georgia.

2. Barnes is an attorney, licensed to practice in the State of Georgia.

3. Defendant Nationwide Retirement Solutions, Inc. (hereafter Nationwide) is an

1

Delaware corporation with its principal place of business in Columbus, Ohio.

4. This Court has subject matter jurisdiction over the instant action under 28 USCS § 1331, as the action arises under 26 CFR § 1.401, as well as other Internal Revenue Service regulations and/or guidance.

5. This Court has subject matter jurisdiction over the instant action under 28 USCS § 1332(a), as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff and Defendant.

6. Venue is proper in this district pursuant to 28 USCS § 1391(b)(2), as a substantial portion of the acts and/or omissions that gave rise to this action occurred in this district.

7. Venue is proper in this district pursuant to Local Rule 3.4, as Plaintiff resides in this district, and a substantial portion of the acts and/or omissions that gave rise to this action occurred in this district.

## STATEMENT OF CLAIM

8. Frank C. Barnes, father of Plaintiff Barnes, was an employee of the City of Santa Monica, California, and participated in a 457(b) deferred compensation retirement plan, which is administered by Defendant Nationwide.

9. Frank C. Barnes passed away on April 10, 2018, leaving Plaintiff as his

Executor and Trustee.

10. Barnes and his two brothers, David M. Barnes and Jonathan F. Barnes, were named as beneficiaries of the 457(b) plan.

11. Shortly before his death, an acquaintance of Frank C. Barnes added herself as an additional beneficiary of the 457(b) plan in question through an alleged fraud.

12. As a result of this fraud, a court action was initiated, and Defendant Nationwide was informed that no distributions from the 457(b) plan should be made until such time as the lawful beneficiaries were determined. Nationwide acknowledged receipt of this information, and agreed that no disbursements would be made until they received agreement from all beneficiaries, or an order from a court of competent jurisdiction.

13. On October 22, 2020, Barnes and his two brothers reached an agreement with the alleged tortfeasor through which she agreed to disclaim any and all interest in the 457(b) plan.

14. In late 2020, Nationwide was sent the disclaimer form, as well as claim forms from Barnes and his brothers. Those claim forms directed Nationwide to roll each beneficiary's share of the 457(b) plan into their respective Inherited IRA accounts pursuant to 5 CFR § 1651.14.

15. In December of 2020, Nationwide deposited seven hundred and six thousand, nine hundred and ninety-five dollars and fourteen cents ($706,995.14) into the

Inherited IRA of Barnes.

16. At the same time, Nationwide also mailed a check in the amount of sixty-four thousand, nine hundred and forty-two dollars and thirty-five cents ($64,942.35) to Plaintiff. This check represented a disbursement of over eighty-six thousand dollars, minus income taxes. The memo of the check read "RMD SUPPLEMENTAL."

17. RMDs are Required Minimum Distributions of funds that must be taken by holders of retirement accounts according to IRS rules.

18. On January 12, 2021, Barnes returned the check to Nationwide, explaining that the check amount was in error.

19. On February 2, 2021, Plaintiff received another check from Nationwide. This time, the check was for almost sixty-five thousand dollars, and the memo read "PARTIAL WITHDRAWAL – ANNUITY PAYMENT."

20. Plaintiff has been going back and forth with Defendant's representative, Eric Kingsborough, for over two months now. Nationwide, through Kingsborough, has ignored emails and phone calls, and refused to provide documentation for their positions.

21. Defendant maintains that they are required to disburse an RMD for 2018 and one for 2019, and that they must add to those RMDs earnings, making the amounts significantly higher. They rely on IRS Publication 2019-19 as authority for their

position.

22. Barnes argues that Nationwide's reliance on IRS Rev. Proc. 2019-19 is incorrect.

23. Once Nationwide makes these distributions, they will also file an IRS 1099, the accuracy of which Barnes will have no way to dispute.

24. Nationwide's distribution of the additional funds will expose Barnes to higher income taxes, as well as affecting Barnes's student loan payments and subsidies for health insurance.

25. Barnes will be irreparably damaged in that any funds distributed cannot be deposited into his Inherited IRA, depriving him of the benefit of those funds in the future.

26. Barnes will also be irreparably damaged by the effects on his student loans and health insurance.

27. It is beyond argument that Nationwide has exposed others who have been similarly situated to similar treatment, and exposed those unknown individuals to excess tax liability and other damages.

28. There is no doubt that, if not prevented from doing so, Nationwide will continue to inflict similar damages on others in the future.

29. This Court should issue an injunction, preventing Nationwide from making any distributions, or filing any 1099 forms with the IRS, until the appropriate

amounts of those distributions can be calculated, and the appropriate interpretation of laws be determined.

30. Nationwide will suffer no prejudice from the delay.

## CERTIFICATION

31. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

32. **WHEREFORE**, Plaintiff Mark A. Barnes prays the following:

    (a) that summons issue and service be perfected upon (or waived by) Defendant requiring Defendant to appear in this Court within the time required by law and to answer this Complaint;

    (b) that this Court issue an Order, enjoining Defendant from making any distributions or filing any 1099 forms until such time as the proper

amounts of such distributions be determined;

(c) that Plaintiff have such other and further relief as this Court deems just and proper.

.

        Respectfully submitted this 26th day of March, 2020,

                __/s/ Mark A. Barnes_____
                Georgia Bar # 836210
                P.O. Box 13822
                Macon, GA 31208
                478-239-1818
                markbarnes@lawyer.com